NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30107 |
| Plaintiff-Appellee, | D.C. No. 6:15-cr-00301-AA |
| v. | |
| CHRISTOPHER ALAN SMITH, a.k.a. Christopher Smith, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted March 13, 2018[**]

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Christopher Alan Smith appeals from the district court's judgment revoking his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Following a contested hearing, the district court concluded that Smith had

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

violated a condition of his supervised release that prevented him from "being present within 100 feet of places where minor children under the age of 18 congregate, such as playgrounds and schools, unless approved by the probation officer." Smith argues that the eyewitness testimony relied upon by the court was unreliable and, thus, insufficient to support revocation of his supervised release.

To determine whether the evidence was sufficient to support a supervised release revocation, "we ask whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence." *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010) (internal quotations omitted). The record reflects that the district court found the witness's testimony that she saw Smith in the shallow end of a swimming pool surrounded by children "highly credible," notwithstanding her failure to observe his tattoos during that event. The court offered several reasons to support this determination, which were supported by the record. In view of the credible eyewitness testimony, and the testimony of Smith's probation officer that he did not give permission for Smith to be at the pool, a preponderance of the evidence supported the court's revocation of Smith's supervised release.

**AFFIRMED.**

17-30107